UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDWARD DORSEY, JR.**                                                 **CIVIL ACTION**

**VERSUS**                                                               **NO. 15-1528**
                                                                                      **C/W 15-1723**

**UNITED RENTALS NORTH AMERICA, INC., et al.**          **SECTION "G"(4)**

## ORDER

Before the Court are United Rentals (North America), Inc.'s ("United Rentals") "Motion for Summary Judgment against Third Party Defendant, The P.R. Skate, L.L.C."[1] and The P.R. Skate, LLC's ("P.R. Skate") "Motion for Partial Summary Judgment Against United Rentals (North America), Inc."[2] Having reviewed the motions, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will deny both motions.

## I. Background

### A. *Factual Background*

This litigation arises out of an industrial accident, which occurred on April 19, 2014, at the Wal-Mart Supercenter in Cut Off, Louisiana.[3] Plaintiff Edward Dorsey, Jr., and his son Plaintiff Edward Blair Dorsey (collectively, "Plaintiffs") were employees of Affordable Painting, a subcontractor of defendant Sartin Builders, LLC ("Sartin"), which in turn was a subcontractor of P.R. Skate, who had been hired to perform construction services at the Wal-Mart Supercenter.[4] On April 19, 2014, Plaintiffs were injured when they both fell from a toppling scissor lift, which

---

[1] Rec. Doc. 171.

[2] Rec. Doc. 187.

[3] *See* Rec. Docs. 56, 70.

[4] *Id.*

1

United Rentals had rented to P.R. Skate.[5] The scissor lift was manufactured by Skyjack, Inc. ("Skyjack").[6]

### B. Procedural Background

On December 19, 2014, Edward Dorsey, Jr. filed suit against United Rentals and Liberty Mutual Insurance Company ("Liberty Insurance") in the Thirty-Second Judicial District Court, Parish of Terrebonne.[7] On April 28, 2015, Edward Blair Dorsey also filed suit against United Rentals and Liberty Insurance in the Thirty-Second Judicial District Court.[8] On May 8, 2015, United Rentals and Liberty Insurance removed Edward Dorsey, Jr.'s state court action to this Court.[9] On May 21, 2015, United Rentals and Liberty Insurance removed Edward Blair Dorsey's action to this Court.[10] Plaintiffs later dismissed Liberty Insurance without prejudice.[11] On June 25, 2015, both cases were consolidated.[12]

On May 29, 2015, United Rentals filed third party complaints against P.R. Skate and P.R. Skate's insurer Arch Specialty Insurance Company ("Arch").[13] On October 6, 2015, the Court granted Edward Dorsey, Jr. leave to file a first amended complaint, which added a claim against Wal-Mart Louisiana, LLC ("Wal-Mart Louisiana").[14] On November 3, 2015, the Court granted

---

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 1-2.

[8] *See* Civ. A. No. 15-1723, Rec. Doc. 1-2.

[9] *See* Rec. Doc. 1.

[10] *See* Civ. A. No. 15-1723, Rec. Docs. 1 & 3.

[11] *See* Rec. Doc. 6; *see also* Civ. A. No. 15-1723, Rec. Doc. 14.

[12] *See* Rec. Doc. 17.

[13] *See* Rec. Docs. 10; *see also* Civ. A. No. 15-1723, Rec. Doc. 6.

[14] Rec. Docs. 55–56.

P.R. Skate leave to file a crossclaim and request for declaratory judgment against Arch.[15] On November 3, 2015, the Court granted Edward Dorsey, Jr. leave to file a second amended complaint adding claims against P.R. Skate, Arch, and Skyjack.[16] On November 3, 2015, the Court granted Edward Blair Dorsey leave to file a first amended complaint adding claims against Wal-Mart Stores, P.R. Skate, Arch, and Skyjack, Inc. ("Skyjack").[17] On December 29, 2015, the Court granted United Rentals leave to file an amended answer and crossclaim against Skyjack.[18] On March 4, 2016, the Court granted P.R. Skate leave to file its request for declaratory judgment and third-party demand against its subcontractor Sartin Builders, LLC ("Sartin") and Sartin's insurer Western World Insurance Company.[19]

On March 23, 2016, the Court granted an unopposed motion to dismiss the claims filed against Wal-Mart Louisiana and Wal-Mart Stores.[20] On January 25, 2016, the Court was notified that all parties had reached a settlement with Plaintiff Edward Blair Dorsey, and the Court issued an Order dismissing his case.[21] On February 2, 2017, the parties filed a joint stipulation dismissing all claims against Skyjack with prejudice.[22]

On March 21, 2016, United Rentals filed its motion for summary judgment seeking to establish that P.R. Skate is obligated to defend and indemnify United Rentals "relating to all claims

---

[15] Rec. Docs. 64–65.

[16] Rec. Docs. 67–68.

[17] Rec. Docs. 69–70.

[18] Rec. Docs. 86–89.

[19] Rec. Docs. 144, 146.

[20] Rec. Doc. 182.

[21] Civ. A. No. 15-1723, Rec. Doc. 18.

[22] Rec. Doc. 345.

asserted against United Rentals by the Plaintiffs."[23] On March 28, 2016, P.R. Skate filed its motion for partial summary judgment against United Rentals, seeking to establish that P.R. Skate is not obligated "to indemnify United [Rentals] for United [Rentals'] sole or joint negligence."[24] On April 5, 2016, P.R. Skate filed an opposition to United Rentals' motion for summary judgment.[25] On April 6, 2016, United Rentals filed an opposition to P.R. Skate's motion for partial summary judgment.[26] On April 12, 2016, the Court granted P.R. Skate leave to file a reply to United Rentals' opposition to P.R. Skate's motion for partial summary judgment.[27]

## II. Parties' Arguments

### A.  *United Rentals' Motion for Summary Judgment*

#### 1.  **United Rentals' Arguments in Support of its Motion for Summary Judgment**

In its motion for summary judgment, United Rentals states that it "is entitled to defense and indemnity from P.R. Skate relating to all claims asserted against United Rentals by the Plaintiffs."[28] United Rentals also contends that it "is entitled to all costs, expenses and attorneys' fees associated with enforcing P.R. Skate's defense and indemnity obligations."[29]

According to United Rentals, on April 11, 2014, it entered a written contract with P.R. Skate, in which P.R. Skate leased a SKYJACK Model SJIII 3219 scissor lift from United Rentals.[30]

---

[23] Rec. Doc. 171.

[24] Rec. Doc. 187.

[25] Rec. Doc. 204.

[26] Rec. Doc. 209.

[27] Rec. Docs. 217 & 219.

[28] Rec. Doc. 171 at 1.

[29] *Id.*

[30] Rec. Doc. 171-1 at 2.

4

United Rentals asserts that the contract "obligates P.R. Skate to defend, indemnify and hold United Rentals harmless for any and all liability, including injuries, claims, losses, damages or costs, arising out of, in whole or in part, any negligent or grossly negligent acts or omissions of United Rentals or that is the result of the allegedly defective product by United Rentals."[31] Because Plaintiffs have not alleged that United Rentals committed an intentional tort or was grossly at fault in causing the accident, United Rentals contends that the scope of P.R. Skate's obligation under the contract includes all claims made by Plaintiffs against United Rentals.[32] According to United Rentals, on October 10, 2014, it tendered demand for defense, indemnity and insurance coverage to P.R. Skate and its insurer, Arch, but to date P.R. Skate has failed to acknowledge its obligation to unconditionally defend and indemnify United Rentals.[33]

In support of its motion for summary judgment, United Rentals asserts that Louisiana law, which governs the interpretation of the contract between United Rentals and P.R. Skate, permits indemnification obligations, so long as the contractual language of the indemnity provision is unambiguous and the intent of the parties is clear from consideration of the whole contract.[34] United Rentals asserts that the contract satisfies these requirements.[35] United Rentals contends that "[t]here are no disputed issues of material fact with regard to P.R. Skate's obligation to assume responsibility for injuries caused solely by the negligent acts of United Rentals under the

---

[31] *Id.*

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.* at 5–6 (citing *Cox Commc'n v. Tommy Bowman Roofing, LLC*, 04-1666 (La. App. 4 Cir. 03/15/06), 929 So.2d 161, 165).

[35] *Id*. at 7.

Contract's defense and indemnity provisions."[36] Therefore, United Rentals argues that P.R. Skate owes a duty to defend and indemnify United Rentals as a matter of law.[37]

Furthermore, United Rentals contends that P.R. Skate is obligated to compensate United Rentals for costs, expenses and attorneys' fees it has incurred defending against Plaintiff's claims and bringing third party demands.[38] United Rentals notes that the contract provides that P.R. Skate will pay "all reasonable costs of collection, court attorneys' fees and other expenses incurred by United in the Collection of any charges due under this rental contract or in connection with the enforcement of its terms."[39] Therefore, United Rentals contends that the rental agreement binds P.R. Skate to cover these costs and that Louisiana courts recognize "that a party may recover court costs and attorneys' fees when such recovery is provided by contract."[40]

### 2.   P.R. Skate's Arguments in Opposition to United Rentals' Motion for Summary Judgment

P.R. Skate raises two arguments in opposition to United Rentals' motion for summary judgment.[41] First, P.R. Skate contends that United Rentals has failed to put forward proper summary judgment evidence, because the various documents and correspondences it cites are not "authenticated or supported by affidavit or declaration."[42] Accordingly, P.R. Skate requests that

---

[36] *Id.*

[37] *Id.*

[38] *Id.* at 8–9.

[39] *Id.* at 8.

[40] *Id.* (citing *Ellsworth v. Pete Vicari Gen. Contractor, Inc.*, 2007-649 (La. App. 5 Cir. 1/22/08); 977 So.2d 99, 103).

[41] Rec. Doc. 204.

[42] *Id.* at 3 (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) and First *Bank and Trust v. Scottsdale Ins. Co.*, No. 14-2017, 2015 WL 5559829 (E.D. La. Sept. 21, 2015) (Brown, J.)).

the Court strike the material cited by United Rentals in support of its motion for summary judgment.[43]

Second, P.R. Skate argues that the indemnity provision is equivocal and therefore unenforceable.[44] P.R. Skate contends that, under Louisiana law, equivocal indemnity provisions give rise to a presumption that the parties did not intend to indemnify an indemnitee against the losses resulting from the indemnitee's own negligence.[45]

P.R. Skate notes that the indemnity provision provides that it "shall not be obligated to indemnify United [Rentals] for that part of any loss, damage or liability caused solely by the intentional misconduct or sole negligence of United [Rentals]."[46] Accordingly, P.R. Skate contends that the indemnity provision is equivocal and does not serve to indemnify United Rentals for its sole negligence.[47] P.R. Skate contends that the language is confusing and "smacks" of pure comparative fault.[48]

P.R. Skate contends that a Middle District of Florida case, *Acosta v. United Rentals (North American)*, interpreted the indemnity provision at issue here.[49] P.R. Skate contends that, applying analogous Florida law, the court in *Acosta* found that the indemnity provision limited Acosta's liability in the case of United Rentals' sole negligence, and the indemnity provision did not speak

---

[43] *Id.* at 3.

[44] *Id.* at 4.

[45] *Id.* (citing *Perkins v. J.W. Contractors, Inc.*, 90-356 (La. App. 3. Cir. 10/02/91), 586 So.2d 717, 721).

[46] *Id.* at 5.

[47] *Id.*

[48] *Id.* (citing *Dumas v. State ex rel. Dept. of Culture, Recreation and Tourism*, 02-0563 (La. 10/15/02), 828 So.2d 530, 535–36).

[49] *Id.* 5–6 (citing No. 12-1530, 2013 WL 869520 (M.D. Fla. 2013)).

7

to joint negligence between Acosta and United Rentals.[50] Therefore, the court concluded that the indemnity provision did not validly require Acosta to indemnify United Rentals for its sole or joint negligence.[51]

Finally, P.R. Skate notes that the indemnity provision states that it will indemnify United Rentals for "any and all liability, claims, loss, damages, or costs."[52] However, P.R. Skate argues that the Louisiana Third Circuit Court of Appeal has held that such general language "do[es] not necessarily import an intent to impose an obligation as extraordinary and harsh as to render an indemnitor liable to an indemnitee for damages caused by the sole negligence of the latter."[53]

### B. *P.R. Skate's Motion for Partial Summary Judgment on Indemnification and Defense Obligations*

#### 1. **P.R. Skate's Arguments in Support of its Motion for Partial Summary Judgment**

P.R. Skate seeks partial summary judgment in its favor dismissing United Rentals' defense and indemnity claims because the indemnity provision does not validly require P.R. Skate to indemnify United Rentals for United Rentals' sole or joint negligence.[54] Specifically, P.R. Skate argues that the indemnity provision does not require P.R. Skate to indemnify United Rentals' for United Rentals' sole or joint negligence.[55] Accordingly, P.R. Skate requests that the Court grant partial summary judgment in its favor dismissing United Rentals' defense and indemnity claim.[56]

---

[50] *Id.*
[51] *Id.* at 6.

[52] *Id.* at 7.

[53] *Id.* (quoting *Barnett v. Am. Const. Hoist, Inc.*, 11-1261 (La. App. 3 Cir. 2/10/12), 91 So.3d 345).

[54] Rec. Doc. 187-1 at 1.

[55] *Id.* at 2.

[56] *Id.*

8

P.R. Skate contends that the indemnification provision effectively means the parties are responsible for their own comparative fault.[57] P.R. Skate again cites to *Acosta* to support its position.[58] Finally, P.R. Skate argues that the "any and all liability" language contained in the indemnity provision is general and "do[es] not necessarily import an intent to impose an obligation as extraordinary and harsh as to render an indemnitor liable to an indemnitee for damages caused by the sole negligence of the latter."[59]

### 2. United Rentals' Opposition to P.R. Skate's Motion for Partial Summary Judgment

In its opposition to P.R. Skate's motion for partial summary judgment, United Rentals notes that the indemnity provision does not mention the joint negligence of United Rentals.[60] United Rentals contends that "P.R. Skate's inclusion of 'joint negligence' is an incorrect and false assertion of the contractual language."[61] United Rentals argues that it would not seek indemnification for its sole negligence.[62] However, United Rentals contends that a rational trier of fact could not find that its sole negligence caused Plaintiffs' injuries.[63] Because there remains a genuine issue of material fact as to the negligence of each of the remaining defendants, United Rentals asserts that P.R. Skate is precluded from escaping liability at this time.[64] United Rentals

---

[57] *Id.* at 5.

[58] *Id.* at 5–6.

[59] *Id.* at 6 (quoting *Barnett v. Am. Const. Hoist, Inc.*, 11-1261 (La. App. 3 Cir. 2/10/12), 91 So.3d 345).

[60] Rec. Doc 209 at 1.

[61] *Id.* at 3.

[62] *Id.* at 6.

[63] *Id.* at 7.

[64] *Id.*

9

contends that there are no Louisiana cases addressing identical indemnification terms,[65] but cites to a California case holding that an analogous indemnification clause was binding on the parties "for all resulting losses, except those caused solely by contractor."[66]

United Rentals contends that P.R. Skate has a total obligation to indemnity and defend United Rentals except in cases of "injury, damage or harm caused by the fault or negligence of United Rentals."[67] United Rentals argues that there are no disputed facts precluding the Court from ruling that P.R. Skate is obligated to indemnify and defend United Rentals in this case.[68]

### 3. P.R. Skate's Reply in Further Support of its Motion for Partial Summary Judgment

In its reply to United Rentals' opposition, P.R. Skate contends that United Rentals has attempted to confuse the record by claiming that it has never been United Rentals' position that P.R. Skate has a duty to indemnify United Rentals for damages resulting from its sole negligence.[69] P.R. Skate emphasizes that both United Rentals' third party demand and motion for summary judgment against P.R. Skate assert that P.R. Skate must indemnity United Rentals for any liability arising "in whole or in part" from any negligence or gross negligence of United Rentals.[70] P.R. Skate argues that the contract's silence on the issue of indemnification in the case of joint negligence renders the indemnity provision equivocal and unenforceable.[71]

---

[65] *Id.* at 7 (citing *Shaffer v. Stewart Const. Co.*, 03-971 (La. App. 5 Cir. 01/13/04), 865 So.2d 213, 223–24).

[66] *Id.* at 7–8 (citing *Ralph M. Parsons Co. v. Combustion Equipment Associates, Inc.*, 172 Cal App. 3d 211, 218 (Cal. App. 4th Dist. 1985)).

[67] *Id.* at 8.

[68] *Id.* at 9.

[69] Rec. Doc. 219 at 1.

[70] *Id.* at 2 (citing Rec Docs. 6, 10, & 171-1).

[71] *Id.* at 4 (citing *Acosta v. United Rentals (North America), Inc.*, 2013 WL 869520 at *5 (M.D. Fl. 2013)).

P.R. Skate also contends that *Ralph M. Parsons Co. v. Combustion Equip. Assoc., Inc.*, a case cited by United Rentals, is inapposite to the facts of this case.[72] P.R. Skate asserts that the indemnity provision in *Parsons* was unequivocal and directly addressed liability for the claim at issue.[73] P.R. Skate argues that the indemnity provision at issue here is equivocal and does not address joint negligence between P.R. Skate and United Rentals.[74]

### III. Law and Analysis

#### A. *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[75] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[76] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[77] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of

---

[72] *Id.* (citing *Ralph M. Parsons Co. v. Combustion Equip. Assoc., Inc.*, 172 Cal.App.3d 211 (Cal. App. 4th Dist. 1985)).

[73] *Id.*

[74] *Id.* at 5.

[75] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[76] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[77] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

law.[78] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[79]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[80] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[81] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[82] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[83] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[84]

---

[78] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[79] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[80] *Celotex*, 477 U.S. at 323.

[81] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[82] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[83] *Little*, 37 F.3d at 1075.

[84] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

On cross-motions for summary judgment, a court examines each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.[85] "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed."[86] Nonetheless, cross-motions for summary judgment may be probative of the absence of a factual dispute when they reveal a basic agreement concerning what legal theories and material facts are dispositive.[87]

### B. *Authenticity of Evidence Submitted on Summary Judgment*

P.R. Skate contends that United Rentals has failed to put forward proper summary judgment evidence, because the various documents and correspondences it cites are not "authenticated or supported by affidavit or declaration."[88] Accordingly, P.R. Skate requests that the Court strike the material cited by United Rentals in support of its motion for summary judgment.[89] United Rentals does not respond to this argument.

Pursuant to Federal Rule of Civil Procedure 56(c)(2), on a motion for summary judgment, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[90] After the 2010 amendments to Rule 56, "[t]here is

---

[85] *White Buffalo Ventures, LLC v. Univ. of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005).

[86] *Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. 1980).

[87] *Bricklayers, Masons & Plasterers Int'l Union of Am., Local Union No. 15, Orlando, Fla. v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975).

[88] Rec. Doc. 204 at 3.

[89] *Id.* at 3.

[90] Fed. R. Civ. P. 56(c)(2).

no need to make a separate motion to strike" inadmissible evidence.[91] According to the comments following the revised rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted to the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated . . . .[92]

The Fifth Circuit has found that it is therefore proper for motions to strike evidence, presented in support or in opposition to a motion for summary judgment, to be treated as objections to the evidence.[93]

P.R. Skate contends that various documents and correspondences cited by United Rentals are not "authenticated or supported by affidavit or declaration."[94] P.R. Skate does not specify which documents it contends are improperly authenticated. However, the Court need not resolve this issue because both motions for summary judgment depend solely on interpretation of the indemnity provision contained in the contract. The parties do not dispute that they entered the contract on April 11, 2014, nor do they dispute the terms of the indemnity provision.[95] In its own motion for partial summary judgment, P.R. Skate cites to an entry in the record that contains an identical copy of the contract offered by United Rentals.[96] Accordingly, the Court will not deny United Rentals' motion on this procedural ground and instead will address the merits of both motions.

---

[91] Fed. R. Civ. P. 56(c)(2) advisory committee's notes to 2010 amendment.

[92] *Id.*

[93] *See Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (adopting a district court opinion treating a motion to strike an affidavit as an objection).

[94] Rec. Doc. 204 at 3.

[95] Rec. Doc. 171-2 at 2; Rec. Doc. 204-2 at 2.

[96] *See* Rec. Doc. 187-4 at 2 (citing Rec. Doc. 155-4 at 142–45).

## C.   *P.R. Skate's Defense and Indemnification Obligation*

The parties do not dispute that Louisiana law governs the interpretation and enforceability of the contract and the indemnity provision.[97] Under Louisiana law, "[i]nterpretation of a contract is the determination of the common intent of the parties."[98] If the words of a contract are explicit and clear and do not lead to absurd consequences, no further interpretation is required.[99] "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."[100] Even if a contract is worded in general terms, "it must be interpreted to cover only those things it appears the parties intended to include."[101] "When the parties intend a contract to have a general scope, but particularly describe a specific situation to eliminate doubt, the interpretation of the contract must not restrict its scope to that specific situation."[102] "The obligation of contracts extends not only to what is expressly stipulated, but also to everything that, by law, equity or custom, is considered as incidental to the particular contract, or necessary to carry it into effect."[103]

Louisiana law permits indemnity obligations between parties.[104] The Louisiana Supreme Court has made clear, however, that a "contract of indemnity whereby the indemnitee is

---

[97] Rec. Doc. 171-1 at 5 (citing *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993)); Rec. Doc. 204 at 4.

[98] *Soverign Ins. Co. v. Tex. Pipe Line Co.*, 488 So.2d 982, 984 (La. 1986) (citing Civil Code arts. 1945, 1949, 1950 and 1956 (1870); Civil Code art. 2045 (1984)).

[99] *Id.* (citing Civil Code arts. 13 and 1945(3) (1870); *Maloney v. Oak Builders Inc.*, 256 La. 85, 235 So.2d 386 (1970); Civil Code art. 2046 (1984)).

[100] *Id.* (Civil Code art. 1955 (1870); Civil Code art. 2050 (1984)).

[101] *Id.* (citing Civil Code art. 1959 (1870); Civil Code art. 2051 (1984)).

[102] *Id.* (citing Civil Code art. 1962 (1870); Civil Code art. 2052 (1984)).

[103] *Id.* (citing Civil Code art. 1903 (1870)).

[104] *Perkins v. Rubicon, Inc.*, 563 So.2d 258, 259 (La. 1990).

15

indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms."[105] In *Perkins v. Rubicon, Inc.*, the Louisiana Supreme Court considered an indemnity provision which stated that the indemnitor "shall indemnify and hold [the indemnitee] harmless from all claims, suits, actions, losses and damages for personal injury, . . . even though caused by the negligence of [the indemnitee]."[106] The Louisiana Supreme Court held that such language clearly and unequivocally expressed the intent of the parties to impose a total indemnification obligation.[107]

In *Commander v. BASF Wyandotte Corp.*, a contractor agreed to defend and indemnify a plant owner against "claims [or] suits . . . for or on account of any injury to . . . persons . . . which occurs in any way, directly or indirectly, as the result of Contractor's prosecution of the work."[108] The district court granted the contractor's motion for summary judgment finding that there was no evidence that the contractor's employees caused the injuries and that the contract did not provide indemnity against the plant owner's negligence or strict liability.[109] However, the district court made no finding on whether the plant owner was negligent or at fault.[110] On appeal, the Fifth Circuit found that the issue of the plant owner's negligence was an unresolved issue of fact bearing on the indemnity obligation.[111] Because the indemnity agreement could still have been operable if

---

[105] *Id.* (citing *Soverign*, 488 So.2d at 982; *Polozola v. Garlock*, 343 So.2d 1000 (La.1977)).

[106] *Id.* (ellipsis in original).

[107] *Id.* at 260.

[108] 978 F.2d 924, 925 (5th Cir. 1992).

[109] *Id.* at 926.

[110] *Id.*

[111] *Id.*

16

the plant owner's negligence was not the cause of the alleged injuries, the Fifth Circuit found that a material factual dispute existed precluding the court from determining whether indemnification and the cost of defense was owed to the plant owner.[112]

Here, the April 11, 2014 contract entered into by United Rentals and P.R. Skate contains an indemnity provision, which states:

> INDEMNITY/HOLD HARMLESS. TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER [P.R. SKATE] AGREES TO INDEMNIFY, DEFEND AND HOLD UNITED [RENTALS], AND ANY OF ITS RESPECTIVE OFFICERS, AGENTS, SERVANTS, OR EMPLOYEES, AND AFFILIATES, PARENTS AND SUBSIDIARIES, HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, CLAIMS, LOSS, DAMAGE OR COSTS (INCLUDING, BUT NOT LIMITED TO, ATTORNEYS FEES, LOSS OF PROFIT, BUSINESS INTERRUPTION OR OTHER SPECIAL OR CONSEQUENTIAL DAMAGES, DAMAGES RELATING TO PROPERTY DAMAGE, BODILY INJURY, OR DAMAGES RELATING TO WRONGFUL DEATH) ARISING OUT OF OR RELATED TO THE OPERATION, USE, POSSESSION OR RENTAL OF THE EQUIPMENT. THIS INDEMNITY PROVISION ALSO APPLIES TO ANY CLAIMS ASSERTED AGAINST UNITED [RENTALS] BASED UPON STRICT OR PRODUCT LIABILITY CAUSES OF ACTION. HOWEVER, CUSTOMER [P.R. SKATE] SHALL NOT BE OBLIGATED TO INDEMNIFY UNITED [RENTALS] FOR THAT PART OF ANY LOSS, DAMAGE OR LIABILITY CAUSED SOLELY BY THE INTENTIONAL MISCONDUCT OR SOLE NEGLIGENCE OF UNITED [RENTALS]. IN FURTHERANCE OF, BUT NOT IN LIMITATION OF THE INDEMNITY PROVISIONS IN THIS AGREEMENT, CUSTOMER [P.R. SKATE] EXPRESSLY AND SPECIFICALLY AGREES THAT THE FOREGOING OBLIGATION TO INDEMNIFY SHALL NOT IN ANY WAY BE AFFECTED OR DIMINISHED BY ANY STATUTORY OR CONSTITUTIONAL LIMITATION OF LIABILITY OR IMMUNITY CUSTOMER [P.R. SKATE] ENJOYS FROM SUITS BY ITS OWN EMPLOYEES. THE DUTY TO INDEMNIFY WILL CONTINUE IN FULL FORCE AND EFFECT NOTWITHSTANDING THE EXPIRATION OR EARLY TERMINATION OF THE CONTRACT.

P.R. Skate argues that the indemnity provision does not require it to indemnify United Rentals for United Rentals' sole negligence.[113] Moreover, P.R. Skate argues that the contract's

---

[112] *Id.*

[113] Rec. Doc. 204 at 5.

silence on the issue of indemnification in the case of joint negligence renders the indemnity provision equivocal and unenforceable.[114] In response, United Rentals contends that it does not seek indemnification based on its sole negligence, and argues that a rational trier of fact could not find that its sole negligence caused Plaintiffs' injuries.[115] United Rentals argues that P.R. Skate has a total obligation to indemnity and defend United Rentals except in cases of "injury, damage or harm caused by the fault or negligence of United Rentals."[116]

P.R. Skate relies on *Acosta v. United Rentals (North American)*, a Middle District of Florida case, interpreting the same indemnity provision at issue here.[117] There, a district judge in the Middle District of Florida found that the indemnity provision limited the plaintiff's liability in the case of United Rentals' sole negligence, and the indemnity provision did not speak to joint negligence between the plaintiff and United Rentals.[118] Because the indemnity provision did not state that it applied to joint negligence in "clear and unequivocal terms," the court concluded that the indemnity provision did not require the plaintiff to indemnify United Rentals for its sole or joint negligence.[119] However, *Acosta* is not binding authority, and it applies Florida law.

The indemnity provision provides that P.R. Skate shall defend, indemnify, and hold harmless United Rentals "from and against any and all liability, claims, loss, damage or costs . . . arising out of or related to the operation, use, possession or rental of the equipment."[120] However,

---

[114] Rec. Doc. 219 at 4 (citing *Acosta v. United Rentals (North America), Inc.*, No. 12-1530, 2013 WL 869520 at *5 (M.D. Fl. 2013)).

[115] Rec. Doc 209 at 6–7.

[116] *Id.* at 8.

[117] Rec. Doc. 204 at 5–6 (citing No. 12-1530, 2013 WL 869520 (M.D. Fla. 2013)).

[118] No. 12-1530, 2013 WL 869520, at *5 (M.D. Fla. 2013).

[119] *Id.*

[120] *See* Rec. Doc. 171-4; Rec. Doc. 155-4 at 142.

18

the indemnity provision also provides that P.R. Skate "shall not be obligated to indemnify United [Rentals] for that part of any loss, damage or liability caused solely by the intentional misconduct or sole negligence of United [Rentals]."[121] The words of the contract are explicit and clear and do not lead to absurd consequences. Because P.R. Skate would not be obligated to indemnify United Rentals for "that part" of any damages "caused solely" by United Rentals, P.R. Skate would not be required to indemnify United Rentals if it were ultimately resolved that United Rentals' sole negligence caused a portion of any damages owed to Plaintiffs.

Following the approach of the Fifth Circuit in *Commander v. BASF Wyandotte Corp.*, the Court concludes that it will first be necessary for the fact-finder to determine whether United Rentals' sole negligence caused any portion of Plaintiffs' alleged damages.[122] Should the finder of fact conclude that United Rentals' sole negligence did not cause any portion of the alleged damages, P.R. Skate's defense and indemnification obligation would be clear; however, if the finder of fact determines that United Rentals' sole negligence caused any portion of Plaintiffs' alleged damages, P.R. Skate could not be bound to defend and indemnify United Rentals for that part of the damages attributable to United Rentals. Accordingly, the Court concludes that a genuine issue of material fact exists regarding what, if any, portion of Plaintiffs' damages are attributable to United Rentals, therefore precluding summary judgment.

## IV. Conclusion

Based on the foregoing, the Court concludes that a genuine issue of material fact exists regarding what, if any, portion of Plaintiffs' damages are attributable to United Rentals, therefore precluding summary judgment. Accordingly,

---

[121] *Id.* (italics added for emphasis).

[122] 978 F.2d at 925.

**IT IS HEREBY ORDERED** that United Rentals' "Motion for Summary Judgment Against Third Party Defendant, The P.R. Skate, L.L.C."[123] is **DENIED**.

**IT IS FURTHER ORDERED** that P.R. Skate's "Motion for Partial Summary Judgment Against United Rentals"[124] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  7th  day of February, 2017.

                                                  _____
                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[123] Rec. Doc. 171.

[124] Rec. Doc. 187.