UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| EDWARD DORSEY, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 15-1528 |
| UNITED RENTALS NORTH AMERICA, INC., ET AL | SECTION: "G" (4) |

**ORDER AND REASONS**

Before the Court is a **Motion for Leave to File a Complaint in Intervention (R. Doc. 366)** filed by Salvador I. Bivalacqua and Scott Galante of Galante & Bivalacqua LCC ("Intervenors") requesting the Court to allow them to intervene in the instant action to assert claims for legal fees allegedly earned in representing Plaintiff Edward Dorsey, Jr. R. Doc. 366. The motion was opposed. R. Doc. 373. The motion was submitted on June 7, 2017. For the following reasons, the motion is **DENIED**.

**I.  Background**

This diversity action was removed from the 32nd Judicial District Court for the Parish of Terrebonne on May 8, 2015. R. Doc. 1. In the underlying case, Edward Dorsey ("Plaintiff") filed a suit seeking damages from a number of defendants as a result of serious injury he allegedly sustained while working as a sandblaster/painter on a job at a WalMart Store in Cut Off, Louisiana. On February 21, 2017, the District Court issued an order dismissed the Plaintiff's claims against all defendants without cost and without prejudice to the right, upon good cause shown within sixty days, to reopen the action if the settlement was not consummated. R. Doc. 357. On February 27, 2017, after being advised that any remaining parties to the above captioned matter had settled their claims, the Court issued an order that the case be "dismissed without costs and without prejudice to the right, upon good cause shown within sixty days, to reopen the action if settlement is not consummated" while retaining the right to enforce the settlement agreement. R. Doc. 360. Finally,

1

on March 3, 2017, the Court granted the Joint Motion to Dismiss with Prejudice as to Edward Blair Dorsey Only (R. Doc. 361) filed by jointly by all the Parties. R. Doc. 363. In that order, the Court reserved jurisdiction only to "all other third party demands, cross-claims, and other incidental demands by and between P.R. Skate, L.L.C., United Rentals (North America) Inc. and Arch Specialty Insurance." *Id.* at p. 1-2.

On May 5, 2017, the Intervenors filed the instant Motion for Leave for File Complaint in Intervention. R. Doc. 366. The Intervenors allege that they were retained by and represented the Plaintiff in the instant matter. R. Doc. 366-1, p. 1. Before the Plaintiff allegedly terminated his relationship with the Intervenors, they allege that they investigated his claim; secured Workers Compensation benefits and medical treatment; retained an expert; developed a theory of the case, and filed the instant suit. *Id.* The Intervenors assert that the Plaintiff is in violation of the contingency fee agreement they entered into and is in violation of the equitable principle of *quantum meruit* that governs attorneys' liens in Louisiana. *Id.* As such, the Intervenors seek to intervene in the instant action to assert these claims.

The Plaintiff has opposed the motion as untimely. R. Doc. 373.

## II. <u>Standard of Review</u>

Federal Rule of Civil Procedure 24(a) governs intervention as of right. "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 16–50041, 2016 WL 4435631, at *1 (5th Cir. Aug. 22, 2016) (internal quotation marks omitted) (quoting *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015)). *See also Entergy Gulf States La, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (quoting *In re Lease Oil Antitrist Litig.*, 570 F.3d 244, 248 (5th Cir. 2009)) ("The rule 'is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.').

When the movant does not have an "unconditional right" under a federal statute to intervene, Fed. R. Civ. P. 24(a)(1), the movant must satisfy a four part test:

> 1) the application ... must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id.* (quoting *Texas*, 805 F.3d at 657).

### III. Analysis

Here, the Intervenors have filed the instant motion seeking to intervene in the instant action to assert claims for legal fees allegedly earned in representing the Plaintiff under Federal Rule of Civil Procedure 24(a)(2). R. Doc. 366. The Plaintiff has opposed the motion as untimely. R. Doc. 373.

As an initial matter, the Court agrees with the Intervenors that it does have an interest relating to the instant matter and that interest is not adequately represented by the existing parties. However, the Court agrees with the Plaintiff that the instant motion is untimely and that the disposition of this action does not impair or impede the ability of the Intervenors to protect their interest.

The Fifth Circuit has delineated four factors particularly relevant in consideration of the timelines of a motion to intervene:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citing *Stallworth v. Monsanto Co.*, 588 F.2d 257, 264-66 (5th Cir. 1977). However, "[t]hese factors are a framework and not a formula for determining timeliness." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (internal quotation and citation omitted). Rather, "[t]he analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club*, 18 F.3d at 1205.

Here, the motion is untimely because the Intervenors seek to assert claims against the Plaintiff after a settlement has been reached among all parties and all of the Plaintiff's claims have been dismissed. The Intervenors have known of their claim at least since July of 2015 when they filed motions to withdraw (R. Docs. 22 & 23). As such, they could have filed a motion to intervene at a much earlier date even though any interest they had was contingent until the settlement agreement was confected here. *See In re Complaint of Malmac SDN BHD*, 16 F.3d 1216, 1994 WL 57694, at *2 (5th Cir. 1994) (unpublished) ("Although [Intervenor's] interest was contingent until October 26, 1992, we agree with the district judge that [the Intervenor] was aware of his interest in this matter from the moment he was discharged by his clients and could have petitioned for leave to intervene at a much earlier date.").

Moreover, and importantly, the Intervenors will suffer no prejudice in the denial of their claim because they may readily pursue their claim in state court. *Engra, Inc. v. Gabel*, 958 F.2d 643, 645 (5th Cir. 1992). As the Fifth Circuit in *Engra* explains:

> [The Intervenor] will suffer little prejudice if his petition for intervention is denied [because]… he could just as easily have pursued this claim in state court. This is especially true in this case where there were no ongoing proceedings in the district court, the claims had been settled and dismissed months earlier, and the only unresolved claim asserted by McFarland was his rights under his fee agreement with his client.

958 F.2d at 645. *See also, Bass & Miller, L.L.P. v. Koenings*, Civ. Act. No. 98-1617, 1999 WL 1022212, at *2 (D. Colo. Oct. 4, 1999) ("Although denial of their motion to intervene would

4

prevent them from asserting a claim to the Fund in this action, it would not in any way preclude them from pursuing other remedies for the back rent allegedly owed to them by Defendant Koenings. The asserted interests of the applicants will not be prejudiced if they are not allowed to intervene.").

Nor does the Court find that there are any unusual circumstances militating in favor of a determination that the application is timely. In fact, given that the District Court has already dismissed all the claims related to the Plaintiff and retained jurisdiction only related to claims related to third parties, the circumstances here weigh more in favor of finding the motion untimely.

Finally, the Fifth Circuit and other courts have found motions to intervene to be untimely in similar situations where as here intervenors seek to assert claims after a settlement has been reached by all parties. *See In re Complaint of Malmac SDN BHD*, 16 F.3d 1216, 1994 WL 57694, at *2 (finding motion to intervene untimely after settlement between all parties reached); *see also, Engra, Inc.* 958 F.2d at 645 (same); *see also*, *Bass & Miller, L.L.P.* 1999 WL 1022212, at *2 (same).

Therefore, finding the motion to intervene to be untimely, the Court denies the motion.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Salvador I. Bivalacqua and Scott Galante's **Motion for Leave to File a Complaint in Intervention (R. Doc. 366)** is **DENIED.**

New Orleans, Louisiana, this 9th day of June 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**